PARK *vs.* PYNE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE WATTS PRESIDING.

In the oath or affidavit for the arrest of a debtor, the affiant must swear from his *personal and direct* knowledge, that the debt is due and unpaid, and not from what he may have learned or knows from others.

This is an action on several promissory notes, amounting to six hundred dollars, signed by Pyne & Huntington. The defendants were arrested on an affidavit of the plaintiff's agent, and took a rule on the plaintiff to show cause why the order of arrest should not be set aside on the insufficiency of the affidavit. Gallway, the agent, swears that the defendants are indebted to the plaintiff in the sum of six hundred dollars, which sum is now due ; and that they are about departing from the state, without leaving in it property sufficient to satisfy this demand, etc.

On the trial of the rule, Gallway was called as witness, and stated that he knew nothing of the indebtedness of the defendants to the plaintiff, but through the representation of the latter, by letter, and the possession of the notes sued on. He is not acquainted with the signatures of the defendants.

On this evidence, the district judge made the rule absolute, and set aside the order of bail. The plaintiff appealed.

*Elmore* and *King*, for the plaintiff, contended, that the district judge erred, in receiving evidence to contradict or vary the tenor of the affidavit. It was sufficient, of itself, to authorize the order of arrest, and its terms cannot be varied or contradicted by parole testimony.

2. The affidavit is in positive terms, and states absolutely the indebtedness of the defendants. The affiant was satisfied of the fact, and swore positively, and not that he derived his knowledge from this or that source, or from any particular individual. All knowledge is derivative, and if one is informed of the existence of particular facts, from authentic sources, so as to produce conviction on the mind, the knowledge of them is his own.

*Chinn, contra.*

*Eustis, J.,* delivered the opinion of the court. ·

Gallway, the plaintiff's agent, made an affidavit, upon which the defendants were arrested.

On a rule to show cause why the order of arrest should not be set aside, Gallway declared that he knew nothing of the indebtedness of the defendant, except from the representation of the plaintiff, by letter, and the possession of the notes sued on, the signatures to which he is unacquainted with.

The article 215 of the Code of Practice requires, on the part of the person making the oath for the arrest of a debtor, *personal and direct* knowledge of the debt's being due : the oath of the agent, based on what he may know or have learned from the creditor, is expressly declared to be insufficient.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.